No. 22-16826

*In the*
# UNITED STATES COURT OF APPEALS
*for the*
# NINTH CIRCUIT

TGP COMMUNICATIONS, LLC, D/B/A THE GATEWAY PUNDIT,
AND JORDAN CONRADSON,

*Plaintiffs-Appellants,*

v.

JACK SELLERS, THOMAS GALVIN, BILL GATES, CLINT HICKMAN, STEVE
GALLARDO, STEPHEN RICHER, REY VALENZUELA, SCOTT JARRETT, MEGAN
GILBERTSON, AND MARCUS MILAM,

*Defendants-Appellees.*

On Appeal from the
United States District Court for the District of Arizona
No. 2:22-cv-01925-JJT
The Honorable John J. Tuchi

## MOTION TO EXPEDITE APPEAL
**[Emergency Motion Under Circuit Rule 27-3]**

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, Nevada 89118
Tel:   702-420-2001
ecf@randazza.com

David S. Gingras
GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
david@gingraslaw.com

Attorneys for Appellants

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellants TGP Communications, LLC d/b/a The Gateway Pundit and Jordan Conradson hereby provides the following information:

There are no parent corporations or publicly held corporations that own 10% or more of the stock of Appellant TGP Communications, LLC. Appellant Jordan Conradson is a natural person.

| | |
|---|---|
| Date: November 29, 2022. | RANDAZZA LEGAL GROUP, PLLC |
| | /s/ Marc J. Randazza |
| | Marc J. Randazza |
| | David S. Gingras |
| | GINGRAS LAW OFFICE, PLLC |
| | *Attorneys for Appellants* |

## INTRODUCTION

There is no hope for democracy without free and fair elections. Elections cannot be free and fair without transparency. This type of transparency can only be achieved by allowing the press to monitor those elections. If that press is only the press that the government deems "acceptable" then it is not a "free" press at all, but a "licensed press."

Maricopa County adopted an unconstitutional procedure for awarding press access to some journalists and not others, using viewpoint-based unfettered discretion to decide which journalists they like and which they do not. Every day that goes by during which Appellants are unable to participate in Maricopa County's press conferences and to be able to explore the facts underpinning the current election constitutes irreparable harm. Appellants appeal the decision of the District Court denying their motion for emergency injunctive relief, and now ask this Court to consider this appeal on an expedited basis.

## BACKGROUND AND PROCEDURAL HISTORY

### I. Factual Background

TGP Communications d/b/a The Gateway Pundit is a news publication consisting of news, commentary, punditry, and analysis. As

many Americans continue to lose trust in the purportedly unbiased nature of older newspapers and networks, TGP highlights that it is addressing this gap as a trusted news source for the stories and views that are largely untold or ignored by traditional news outlets. One of its core values is that it "must have courage in order expose the truth about powerful interests that may be angered by our coverage." The Gateway Pundit is a news and opinion publication of national renown. Founded Publisher Jim Hoft in 2004, The Gateway Pundit has grown into one of the largest and most highly read political blogs in the nation. The Gateway Pundit is ranked as one of the top 150 websites in the US, with an average of 2.5 million daily readers. (*See* Dist. Ct. Dkt. No. 7-3).

TGP and Conradson have covered Maricopa elections extensively. (*See* Dist. Ct. Dkt. No. 13). In fact, their reporting exposed Maricopa County Supervisor Steve Chucri as an "election denier" in 2021 thus leading to his resignation. (*See* Dist. Ct. Dkt. Nos. 13-2, 13-3, 13-4, 13-5, and 13-6). No other media outlet spoke truth to power in this way.

Maricopa County established a brand new special procedure for members of the press to participate in election coverage. Maricopa County's website states that: "Maricopa County will require an official

Press Pass for members of the press to enter its facilities and/or cover events related to the 2022 General Election." (*See* Dist. Ct. Dkt. No. 1-2.) The Maricopa County website further states that members of the press will be evaluated based upon the following criteria:

    a. Is the person requesting press credentials employed by or affiliated with an organization whose principal business is news dissemination?

    b. Does the parent news organization meet the following criteria?

        i. It has published news continuously for at least 18 months, and;

        ii. It has a periodical publication component or an established television or radio presence.

    c. Is the petitioner a paid or full-time correspondent, or if not, is acting on behalf of a student-run news organization affiliated with an Arizona high school, university, or college?

    d. Is the petitioner or its employing organization engaged in any lobbying, paid advocacy, advertising, publicity, or promotion work for any individual, political party, corporation, or organization?

    e. Is the petitioner a bona fide correspondent of repute in their profession, and do they and their employing organization exhibit the following characteristics?

        i. Both avoid real or perceived conflicts of interest;

> > ii. Both are free of associations that would compromise journalistic integrity or damage credibility;
> >
> > iii. Both decline compensation, favors, special treatment, secondary employment, or political involvement where doing so would compromise journalistic integrity; and
> >
> > iv. Both resist pressures from advertisers, donors, or any other special interests to influence coverage.
>
> This list is not exhaustive. The time, manner, and place limitations or needs of any one event may require consideration of additional factors.

(*See* Dist. Ct. Dkt. No. 1-2.)

TGP and its reporter Conradson applied for press credentials to view the vote tabulation process in Maricopa County and to participate in press conferences given by its officials. However, Defendants decided, using unfettered discretion, to exclude the Gateway Pundit and its reporters from covering the election. The stated reason was as follows:

> Thank you for applying for a Maricopa County Press Pass. This email is to notify you that you have been denied a press credential based on the following criteria which is listed on Maricopa.gov:
>
> - #4[sic]: You (a) do not avoid real or perceived conflicts of interest and (b) are not free of associations that would compromise journalistic integrity or damage credibility. Therefore, you are not a bona fide correspondent of repute in your profession.

4

(*See* Dist. Ct. Dkt. No. 1-5.)

Plaintiffs continued to report on the matters of public concern in Maricopa County, but they simultaneously attempted to convince Maricopa to change its mind. Conradson went there in person to appeal. (*See* Transcript of Hearing, attached as **Exhibit 1**, at 51:3-6). His appeal was ignored. He then sought appeal through a letter from counsel – also ignored. (*See* Dist. Ct. Dkt. No. 1-6.)

On November 10, 2022, Maricopa County took this rejection even further, not even allowing the Plaintiffs to remain on the curtilage of the Maricopa County Elections Office, and ejected them completely from the property, not even allowing them to be outside the gate to cover the events inside in any manner at all. Upon being ejected, the government used a drone to follow them to further intimidate them from continuing to make any meaningful effort at newsgathering. (*See* **Exhibit 1** at 37:2-5).

Other members of the press who worked for media outlets that were deemed sufficiently compliant with the government were allowed to attend and remain within the cordon set up around the Maricopa County building. Accordingly, TGP and Conradson were unable to participate in

5

that press conference and future press conferences, and they were unable to view the ballot-counting process which is essential to their reporting – not even from afar.

## II. Procedural History

Appellants filed the underlying action against Defendants on November 12, 2022, and it was docketed on November 14, 2022. (*See* Dist. Ct. Dkt. No. 1). Plaintiffs' Complaint alleges that Defendants violated its First Amendment rights by unlawfully depriving it of previously-granted access to election-related government buildings in Maricopa County, Arizona, and from any further viewing or participating in press conferences held by Maricopa County government officials. All Defendants are sued in their official capacities only. (*See id.*) Along with its Complaint, Plaintiffs moved for an emergency, *ex parte* temporary restraining order seeking to prohibit Defendants from further interference in Plaintiffs' abilities to report on the ongoing election in Maricopa County. (*See* Dist. Ct. Dkt. No. 7).

On November 14, 2022, the District Court ordered briefing by the Appellees and set an evidentiary hearing. (*See* Dist. Ct. Dkt. No. 10). Appellees appeared and filed responsive briefing on November 16, 2022.

6

(*See* Dist. Ct. Dkt. No. 17). On November 17, 2022, the District Court held an evidentiary hearing, at which counsel for the parties appeared in person, presented evidence and testimony, and orally argued Appellants' motion. (*See* Dist. Ct. Dkt. No. 17). The District Court issued its Order denying Appellants' motion for a temporary restraining order on November 23, 2022. (*See* Dist. Ct. Dkt. No. 27).

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal because it relates to an interlocutory order refusing an injunction. *See* 28 U.S.C. § 1292(a)(1). Appeals from denial of a temporary restraining order are not ordinarily appealable; however, "a denial of a TRO may be appealed if the circumstances render the denial 'tantamount to the denial of a preliminary injunction.'" *Religious Tech. Ctr. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989). In *Religious Tech. Ctr.*, the Court considered two factors which militated in favor of a finding that a TRO denial was appealable: (1) the denial occurred following a full evidentiary hearing, and (2) the appellants "would be effectively foreclosed from pursuing further interlocutory relief" in the absence of review.

In this case, Appellants filed their request for relief with the Court as a request for a temporary restraining order, rather than a preliminary injunction, due to the exigent nature of the harm they were, and are, experiencing. (*See* Dist. Ct. Dkt. No. 7). The Court ordered briefing by the Appellees and set an evidentiary hearing. (*See* Dist. Ct. Dkt. No. 10). Appellees appeared and filed responsive briefing prior to the hearing. (*See* Dist. Ct. Dkt. No. 17).

On November 17, 2022, the District Court held a full evidentiary hearing, at which counsel for the parties appeared in person, presented evidence and testimony, and orally argued Appellants' motion. (*See* Dist. Ct. Dkt. No. 17). Appellants presented three witnesses: (1) Gregg Leslie, an expert witness, (2) Jordan Conradson, a Plaintiff, and (3) Joseph Hoft, an officer of Plaintiff TGP Communications, LLC. (*See id.*) Appellees presented testimony from Roy Fields Mosley, the Communications Director for Maricopa County. (*See id.*)

Furthermore, in ruling on Appellants' motion for temporary relief, the District Court applied the same standard as what is used in deciding a motion for preliminary injunction. (*See* Dist. Ct. Dkt. No. 27 at 5-6). In issuing its 17-page denial order, the District Court evaluated the

8

evidence and argument presented in the briefing provided by the parties and the testimony provided at the hearing. (*See id*.) Because of the depth of the District Court's analysis at this stage, seeking further interlocutory relief from the District Court would be futile.

Because the District Court ruled based upon a full evidentiary hearing and applied a standard akin to that of a preliminary injunction motion, and because the District Court's ruling effectively forecloses Appellants from pursuing further interlocutory relief, this Court has jurisdiction over this appeal.

## STATUS OF TRANSCRIPT PREPARATION

A transcript of the sole hearing in this action has been prepared.

## POSITION OF OPPOSING COUNSEL

Counsel for the parties conferred relating to the relief requested in this Motion on November 28, 2022, and on November 29, 2022. Appellees do not consent to an expedited briefing schedule any shorter than the schedule set forth in Circuit Rule 3-3(b).

## PROPOSED BRIEFING SCHEDULE

Due to the emergency and exigent nature of this issue, Appellants propose the following expedited briefing schedule:

| | |
|---|---|
| Appellants' Opening Brief | Due November 30, 2022 |
| Appellees' Response Brief | Due December 2, 2022 |
| Appellants' Reply Brief | Due December 3, 2022 |

Appellants acknowledge that this proposed schedule deviates from the schedule set forth at Circuit Rule 3-3(b), however a more urgent schedule is required given the rapidly unfolding situation surrounding the election in Maricopa County, including possible recounts, and each day that passes exacerbates the irreparable harm suffered by Appellants. Appellants will accept the schedule set by the Court, but wish to convey this urgency in its request.

**ARGUMENT**

Circuit Rule 27-12 provides that motions to expedite briefing "will be granted upon a showing of good cause." Circuit Rule 27-12. Similarly, Federal Rule of Appellate Procedure 2 states that "a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs." *See also* FRAP 2 advisory committee's note on rules—1967 ("[t]he primary purpose of this rule is to make clear the power of the courts of appeals to expedite the determination of cases of pressing

concern to the public or to the litigants"). For the purpose of determining whether good cause exists to expedite briefing, "good cause" includes situations where "in the absence of expedited treatment, irreparable harm may occur or the appeal may become moot." *See id*.

Good cause exists to expedite this appeal, which involves suppression of press freedoms by government actors, and the continued deprivation of those rights during a nationally important election. The loss of Appellants' First Amendment rights automatically constitutes irreparable injury. *See Elrod v. Burns,* 427 U.S. 347, 373 (1976) (the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.")

Specifically, the election process in Maricopa County remains hotly contested and Appellants are continuing to report on the quickly changing story to the best of their abilities. However, they are unable to attend news outlets and enter government buildings where the vote tabulation is taking place, as Appellees have afforded to other news outlets. As a result, Appellants are hampered in their ability to continue reporting on this election. This irreparable harm to Appellants is magnified by every passing day that relief is not granted. The fact that

the District Court held its decision for five days, only releasing it on the Wednesday before Thanksgiving has raised the temperature of the emergency even further.

## CONCLUSION

In light of the foregoing, Appellants ask that this Court set an expedited briefing schedule for this appeal so that it may be adjudicated as requested herein.

Date: November 29, 2022.
RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza

David S. Gingras
GINGRAS LAW OFFICE, PLLC
*Attorneys for Appellants*

# CERTIFICATE OF COMPLIANCE

I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2,155 words.

This brief complies with the typeface and type style requirements of Fed. R. App. P. 27 because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Century Schoolbook 14-point font.

Date: November 29, 2022.    RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza

David S. Gingras
GINGRAS LAW OFFICE, PLLC

*Attorneys for Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: November 29, 2022.

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza

David S. Gingras
GINGRAS LAW OFFICE, PLLC

*Attorneys for Appellants*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 16. Circuit Rule 27-3 Certificate for Emergency Motion

*Instructions for this form:* [http://www.ca9.uscourts.gov/forms/form16instructions.pdf](http://www.ca9.uscourts.gov/forms/form16instructions.pdf)

**9th Cir. Case Number(s):** 22-16826

**Case Name:** TGP Communications, et al. v. Jack Sellers, et al.

I certify the following:

The relief I request in the emergency motion that accompanies this certificate is:

> An expedited briefing schedule pursuant to Circuit Rule 27-12.

Relief is needed no later than *(date)*: Nov 30, 2022

The following will happen if relief is not granted within the requested time:

> Appellants continue to suffer irreparable harm as a result of Appellees' infringement upon Appellants' First Amendment rights.

I could not have filed this motion earlier because:

> The District Court entered its order denying Appellants' motion on November 23, 2022, the day before Thanksgiving. Since then, Appellants have decided to file the instant appeal, and time was needed to draft this motion. Appellants filed their Notice of Appeal on November 28, 2022 and the Clerk opened this appeal on November 29, 2022.

*Feedback or questions about this form? Email us at [forms@ca9.uscourts.gov](mailto:forms@ca9.uscourts.gov)*

I requested this relief in the district court or other lower court: ○ Yes  ● No

If not, why not:

> The District Court does not have jurisdiction to expedite this appeal.

I notified 9th Circuit court staff via voicemail or email about the filing of this motion: ● Yes  ○ No

If not, why not:

I have notified all counsel and any unrepresented party of the filing of this motion:

On *(date)*: November 28, 2022

By *(method)*: telephone and email

Position of other parties: Do not consent.

Name and best contact information for each counsel/party notified:

> Counsel for Appellees:
> Maricopa County Attorney's Office
> Thomas P. Liddy, liddyt@mcao.maricoa.gov
> Charles Tullinger, trullinc@mcao.maricopa.gov
> Joseph Branco, brancoj@mcao.maricopa.gov
> Joseph LaRue, laruej@mcao.maricopa.gov
> 225 West Madison Street, Phoenix, Arizona 85003
> Telephone: (602) 506-8541

I declare under penalty of perjury that the foregoing is true.

**Signature**  /s/ Marc J. Randazza     **Date**  Nov 29, 2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 16**                    *2*                    *Rev. 11/21/2019*