No. 22-16826

*In the*

# UNITED STATES COURT OF APPEALS
*for the*
# NINTH CIRCUIT

TGP COMMUNICATIONS, LLC, D/B/A THE GATEWAY PUNDIT,
AND JORDAN CONRADSON,

*Plaintiffs-Appellants,*

v.

JACK SELLERS, THOMAS GALVIN, BILL GATES, CLINT HICKMAN, STEVE GALLARDO, STEPHEN RICHER, REY VALENZUELA, SCOTT JARRETT, MEGAN GILBERTSON, AND MARCUS MILAM,

*Defendants-Appellees.*

On Appeal from the
United States District Court for the District of Arizona
No. 2:22-cv-01925-JJT
The Honorable John J. Tuchi

# APPELLANTS' REPLY IN SUPPORT OF MOTION TO EXPEDITE APPEAL

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, Nevada 89118
Tel: 702-420-2001
ecf@randazza.com

David S. Gingras
GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
david@gingraslaw.com

Attorneys for Appellants

# APPELLANTS' REPLY IN SUPPORT OF
# MOTION TO EXPEDITE APPEAL

Pursuant to Federal Rule of Appellate Procedure 27(a)(4), Appellants TGP Communications, LLC, d/b/a The Gateway Pundit, and Jordan Conradson ("Appellants") file this reply in support of their Motion to Expedite Appeal (Dkt. No. 2-1).

In their response brief, Appellees take issue with the lapse of time between the initial denial of Conradson's Press Pass and the filing of Appellants' Complaint. However, Appellees fail to acknowledge that through the "43 days" they claim Appellant Conradson was merely sitting on his hands, he repeatedly attempted to convince Appellees to reverse their Constitutionally infirm content- and viewpoint-based decision. Certainly, had Appellants filed suit before trying to change the government's mind, Appellees would instead be arguing that Conradson failed to try and resolve the issue prior to rushing off to court. Appellees also fail to acknowledge that had Maricopa County handled its election without error or omission, there would have been no story – thus, the story *did not even arise* until November 8, 2022. As argued at the District Court, if this were taking place in Utah or New Mexico, there would be no need for immediate injunctive relief – as those elections went off

1

without a newsworthy event taking place. Not so in Maricopa County. Accordingly, when the story arises on November 8, and one gets into court on November 12, the narrative that the Plaintiffs sat on their rights has no sincere underpinnings.

Next, Appellees argue that Appellants' relief should be denied because instead of attending press conferences as ordinary reporters do, Appellants could watch a YouTube livestream of them and use that as the basis of their reporting. Livestreams on YouTube are not the same as attending a press conference, however. In fact, during the hearing, this was an issue. Both Appellants' expert witness, Gregg Leslie, and Appellees' witness, Roy Mosely, agreed that a journalist should directly question someone before writing a story. (*See* Dkt. No. 2-2 at 29:25–30:17, 66:8-10). And, Appellees' witness Roy Mosely admitted that the livestreams are only sporadic (*see id.* at 68:14-18) and that they have no ability for anyone to ask questions (*see id.* at 68:20-23). Meanwhile, Appellees claim that the Plaintiffs' journalism is not of sufficient quality for their tastes, while now depriving them of an ingredient that both parties agree is essential for quality and ethical reporting. They can not have it both ways.

Appellees also lament that this appeal was filed five days after the erroneous order, but this argument is without merit. The District Court issued its order on the afternoon of the Wednesday before Thanksgiving. Thanksgiving is a holiday, followed by a day that most Americans take off, followed by a weekend. Meanwhile, the Government laments that because *one* of its attorneys is planning to take a vacation, this case should not move forward on an expedited basis. Apparently, everyone else was supposed to work on Thanksgiving, even if they were incommunicado.[1]

In the six days between the hearing and the District Court issuing its erroneous order, Appellants repeatedly sought an update from the court, but were rebuffed. Now, Appellees do not want to be inconvenienced because of a vacation, but they could very well hire outside counsel or find one of the many attorneys in the Maricopa County Attorneys' Office who is *not* on vacation to handle this matter.[2] Meanwhile, it is a quite regular practice for law firms (including

---

[1] Lead counsel was deep in the Glamis Dunes in California, with sporadic 2G coverage during those five days.

[2] Two attorneys from the Maricopa County Attorneys' Office appeared in person at the hearing in the District Court and a total of four attorneys have appeared on behalf of Appellees in this case.

3

Appellants' counsels' firms) to shut down for the Thanksgiving break. The fact that Appellants' lead counsel was literally not available for those five days is not some kind of neglect. This matter is an emergency. The integrity of the Freedom of the Press is at risk. This must be decided on an expedited basis.[3]

Date: November 29, 2022.  RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza

David S. Gingras
GINGRAS LAW OFFICE, PLLC

*Attorneys for Appellants*

---

[3] Appellants note that they are currently in the process of drafting a motion for emergency relief under Fed. R. App. P. 8(a)(2) and Circuit Rule 27-3 – and if that motion is decided in a manner that permits TGP and Conradson to engage in newsgathering, the admittedly very aggressive briefing schedule suggested could be changed.

# CERTIFICATE OF COMPLIANCE

I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 27 because it contains 719 words.

This brief complies with the typeface and type style requirements of Fed. R. App. P. 27 because it has been prepared in a proportionately spaced typeface using Microsoft Word Century Schoolbook 14-point font.

Date: November 29, 2022.     RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza

David S. Gingras
GINGRAS LAW OFFICE, PLLC

*Attorneys for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: November 29, 2022.   RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza

David S. Gingras
GINGRAS LAW OFFICE, PLLC

*Attorneys for Appellants*