No. 22-16826

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| TGP COMMUNICATIONS LLC, d/b/a THE GATEWAY PUNDIT, et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JACK SELLERS, et al., <br><br> Defendants-Appellees. | D.C. No. 2:22-cv-01925-JJT |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

---

**DEFENDANTS-APPELLEES' RESPONSE TO
PLAINTIFFS-APPELLANTS' MOTION FOR AN INJUNCTION PENDING
APPEAL
[EMERGENCY MOTION UNDER CIRCUIT RULE 27-3]**

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

Thomas P. Liddy
Charles E. Trullinger
Joseph J. Branco
Sean M. Moore
Deputy County Attorneys
MARICOPA COUNTY ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 W. Madison Street
Phoenix, AZ 85003
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Defendants-Appellees*

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), Defendants-Appellees respond in opposition to Plaintiffs-Appellants TGP Communications and Jordan Conradson's (collectively, "TGP") November 30, 2022 "Motion for an Injunction Pending Appeal [Emergency Motion Under Circuit Rule 27-3]" ("Second Application for Injunction").[1] This is the second such application because it essentially repeats TGP's first application for an emergency temporary restraining order presented to the district court, the denial of which is the subject of this appeal. The Second Application for Injunction should similarly be denied without considering the merits of TGP's arguments because: (1) it is not a proper motion under Federal Rule of Civil Appellate Procedure 8; (2) it represents an effort to backdoor this Court's November 30, 2022 order setting the briefing schedule on appeal and denying TGP's request to obtain this relief on the same timeline now requested in the Second Application for Injunction; and (3) it attempts to subvert the established standard of review for denials of applications for temporary restraining orders on appeal by presenting the same application as a new motion. Beyond these flaws, the Second Application for Injunction fails for the same reasons the first

---

[1] Defendants-Appellees note that the Second Application for Injunction fails to follow the requirements stated in Circuit Rule 27-3 because it fails to state the alleged date by which relief is needed on the caption page and does not include the Circuit Rule 27-3 Certificate immediately following the caption page.

attempt failed at the district court level, though the Court should not reach the merits of the Second Application for Injunction.

## LEGAL ARGUMENT

**I.    The Second Application for Injunction is improper under Rule[2] 8.**

The Second Application for Injunction fails to establish the basic procedural requirements to move for relief under Rule 8. Before a movant can request relief under Rule 8, they "must ordinarily move first in the district court" for their requested relief. If the movant does not first request relief from the district court, then they must "***show*** that moving first in the district court would be impracticable." Rule 8(a)(2)(A)(i) (emphasis added).

Despite the fact that TGP admits that it did not request an injunction on appeal at the district court, the Second Application for Injunction barely pays lip service to the requirement to show that such a request would have been impracticable. [Application,[3] at 4-5]. Essentially, TGP argues that it needs relief right now or it will not be able to report on an important news issue. TGP baldly asserts that requesting this relief from the district court is impracticable because the district court took "almost a week" to rule on TGP's application for temporary restraining order and because the district court denied the application. TGP thus suggests that the

---

[2] "Rule" in this Response refers to the Federal Rules of Civil Appellate Procedure.
[3] "Application" refers to the Second Application for Injunction.

3

district court would do the same thing here, so requesting relief would be impracticable. [Application, at 5].

This entirely unsubstantiated argument fails to show impracticability for multiple reasons. First, as discussed extensively at the district court, the assertion that TGP cannot report on the press conferences without a press pass is categorically false because all of the news conferences in question are live streamed on YouTube. TGP is fully capable of reporting on the press conferences in real time without a press pass so there is no immediacy that would allow TGP to skip this necessary procedural step. [See, Ex. B, at 11-12]. Second, moving a district court first for relief is not "impracticable" merely because the district court's other actions suggest that the request for relief might be unsuccessful. *See In re Montes*, 677 F.2d 415, 416 (5th Cir. 1982) (belief that initial request for relief to the district court would be in vain based on other actions taken by the district court is "not an adequate reason for noncompliance with Rule 8"). The showing for impracticability at the district court level must be strong because "[a]s an appellate court we cannot take evidence or hear matters initially. We are entirely dependent on the record made in a trial court." *Id*. Thus, consistent with Rule 8, TGP is required to provide more than its own unsubstantiated and self-serving suspicions to **show** that moving the district court would have been impracticable, and it failed to make that showing.

Even if there were a time sensitive issue before the court—there is not—then

4

the time-crunch was created by TGP's own dilatory conduct. As discussed in Defendants-Appellees' response to TGP's motion for an expedited briefing schedule,[4] TGP waited for **43** days after being denied a press pass, and even after Election Day, to bring the present lawsuit. If TGP truly believed that "even a 24-hour delay" would irreparably harm TGP, [Application, at 6], then it would not have waited 43 days to bring this lawsuit and seek relief. It is entirely disingenuous for TGP to cry that time is short when it waited until well after the eleventh hour to bring this lawsuit. TGP slept on its rights and it cannot now use its own dilatory action to its advantage to skip procedurally required steps. *See U.S. ex rel. Barnwell v. Rundle*, 461 F.2d 768, 769 (3d Cir. 1972) (litigant failed to show impracticability under Rule 8 where it had 60 days before appealed order took effect to move for stay on appeal, but failed to do so until the 60 days had elapsed; litigant could have moved earlier for stay so initial motion to district court was not impracticable).

Nothing in the record suggests that it was impracticable for TGP to move the district court for an injunction pending the appeal. Its failure to do so is a fatal procedural failure to the Second Application for Injunction.

II. **The Second Application for Injunction attempts to backdoor this Court's order setting the briefing schedule for this matter.**

Two days ago, on November 29, TGP filed an emergency motion in this Court

---

[4] Filed in this Court on November 29, 2022.

requesting an expedited briefing schedule wherein TGP would file its reply brief by Saturday, December 3, 2022. The Court ruled on TGP's motion to expedite on November 30, 2022, denying it in part, and setting a briefing schedule to have the briefs due throughout December and to be considered at oral argument in January. In presenting this Second Application for Injunction, TGP seeks to subvert the Court's order setting the briefing schedule and asking that this Court decide the merits of this matter now.

In its practical effect, TGP's motion for an expedited briefing schedule is nearly indistinguishable from the present Second Application for Injunction: it requests the same relief for the same reasons over an even faster timeframe. Because the Second Application for Injunction is necessarily a repeat of TGP's application for temporary restraining order at the district court,[5] it is supported by all of the same faulty "facts" and arguments, and it requests the same relief. Thus, the substantive issues presented in the Second Application for Injunction on the one hand, and the actual merits of the appeal before the Court on the other, are one and the same. In asking the Court to consider the Second Application for Injunction on the same schedule initially requested in the motion for an expedited briefing schedule, TGP seeks a backdoor to relief on the same timetable that this Court has already rejected.

---

[5] The denial of the application for temporary restraining order is the only order being appealed to this Court.

This Court should not allow TGP a second procedural bite at this apple. The Court has already considered TGP's concerns about short timelines and alleged irreparable harm. It has already considered the appropriate timeline on which these issues should be considered, and it set an expedited briefing schedule accordingly. TGP's subjective belief that the timeline should be quicker does not allow it to subvert the established orders of the Court. The Court has already determined the timeline these issues should be decided on, so it should deny the Second Application for Injunction and consider these exact issues in the actual appeal as intended by Rule.

**III. The Second Application for Injunction attempts to subvert the established standard of review for a denial of an application for temporary restraining order**

In presenting the exact issues already on appeal as a fresh application for an injunction, TGP also seeks to wrongfully subvert the standard of review on appeal and gain an improper and legally unjustified advantage on their claims. It is well established that appellate courts review the denial of an application for temporary restraining order on an abuse of discretion standard. *Nader v. Brewer*, 386 F.3d 1168, 1169 (9th Cir. 2004). Thus, the district court's ruling will only be overturned "if the district court based its decision on either an erroneous legal standard or clearly erroneous factual findings." *Id.* That is the appropriate standard to address the issues raised by this appeal.

In bringing the Second Application for Injunction as a separate and new application from the denied application on appeal, TGP is attempting to improperly "improve" its standard of review. TGP would essentially have this Court consider TGP's appeal of the denied application for temporary restraining order on a *de novo* standard under the guise of the present Second Application for Injunction under Rule 8. [*See* Application at 6-7 (discussing the "legal standard" without mentioning that the appropriate review is on an abuse of discretion standard)]. This is improper and unsupported by any applicable law. The Court should deny the Second Application for Injunction and consider these same issues in the appeal proper and under the correct standard of review.

IV. **If the Court wishes to consider the merits of the Second Application for Injunction, the record amply displays the fatal deficiencies of TGP's position.**

The Court should not consider the merits of the Second Application for Injunction. To the extent the Court wishes to consider the merits of the Second Application for Injunction, Defendants-Appellees have attached to this Response the briefing on TGP's application for temporary restraining order at the district court.[6] These pleadings and, more importantly, the district court's order contain a more fulsome discussion of the exact same legal issues on the exact same record than can

---

[6] The corrected original application is attached as **Exhibit A**, Defendants Appellees' response is attached as **Exhibit B**, and the district court's order denying the application is attached as **Exhibit C**.

be produced here on a compressed time frame. These documents amply demonstrate that TGP is not entitled to an injunction pending appeal. Furthermore, any consideration of the merits must be done on an abuse of discretion standard. *Lopez v. Heckler*, 713 F.2d 1432, 1436 (9th Cir. 1983).

## **CONCLUSION**

The Second Application for Injunction is bereft of any procedural, legal, or logical basis and it further attempts to subvert the orders of this Court. Therefore, the Court should rightly deny the Second Application for Injunction.

Respectfully submitted this 1st day of December 2022.

        RACHEL H. MITCHELL
        MARICOPA COUNTY ATTORNEY

By:   /s/ *Sean M. Moore*
       Charles E. Trullinger
       Thomas P. Liddy
       Joseph J. Branco
       Sean M. Moore
         Deputy County Attorneys

MARICOPA COUNTY ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 W. Madison St.
Phoenix, AZ 85003
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Defendants-Appellees*

## Certificate of Compliance

This response contains 1,952 words. The response's type size and typeface comply with Fed. R. App. P. 27(d)(2)(E). I certify that this brief complies with the length limit of Fed. R. App. P. 27(d)(1).

                                                        Respectfully submitted,

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:   /s/*Sean M. Moore*

       Joseph J. Branco
       Deputy County Attorney
       MARICOPA COUNTY ATTORNEY'S OFFICE
       CIVIL SERVICES DIVISION
       225 W. Madison Street
       Phoenix, AZ 85003
       ca-civilmailbox@mcao.maricopa.gov

December 1, 2022

# Certificate of Service

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[X]  I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[ ]  I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants (list each name and mailing/email address):

Respectfully submitted,

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:  /s/*Sean M. Moore*

Joseph J. Branco
Sean M. Moore
Deputy County Attorney
MARICOPA COUNTY ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 W. Madison Street
Phoenix, AZ 85003
ca-civilmailbox@mcao.maricopa.gov

December 1, 2022