No. 22-16826

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TGP Communications LLC, *et al.*

Plaintiffs-Appellants

v.

Jack Sellers, *et al.*,

Defendants-Appellees

On Appeal from the United States District Court
for the District of Arizona
No. 2:22-cv-1925 (JJT)
The Honorable John J. Tuchi

AMICUS BRIEF FOR
WE THE PEOPLE – HARTFORD
AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS-APPELLANTS

Mario Cerame
Brignole, Bush and Lewis LLC
73 Wadsworth Street
Hartford, Connecticut 06106
W: 860.856.8361
C: 607.351.3820
F: 860.527.5929
mario@brignole.com

Attorneys for Amicus Curiae
We the People – Hartford

## TABLE OF CONTENTS

Table of Contents ................................................................................................i
Table of Authorities ............................................................................................ ii
Statement of the Identity of the Amicus Curiae and its Interest in the Case ........... iii
FRAP 29(a)(4)(E) Statement ................................................................................v

ARGUMENT .......................................................................................................1
I.  THE DOUBLE-STANDARD CONCERNING THREATS BY THIRD
    PARTIES IS UNTENABLE..............................................................................1
II. TRADITIONAL MEDIA AND GOVERNMENT ALIGNING TO KEEP
    OUT NEW MEDIA IS DANGEROUS TO LIBERAL DEMOCRACY.............2
III. ON REMAND, THE COURT SHOULD ORDER REASSIGNMENT.............3
CONCLUSION ....................................................................................................4

# TABLE OF AUTHORITIES

*Dobbs v. Jackson Women's Health Organization*,
    142 S.Ct. 2228 (2022) .................................................................................. 1

*Times-Picayune Publishing Co. v. United States*,
    345 U.S. 594 (1953) ..................................................................................... 2

*Institute of Cetacean Research v. Sea Shepherd Conservation Society*,
    725 F.3d 940 (9th Cir. 2013) .................................................................. 3–4

# STATEMENT OF THE IDENTITY OF THE AMICUS CURIAE AND ITS INTEREST IN THE CASE

The blog known as We the People – Hartford ("WPH" or "blog"), addressed at wethepeoplehartford.blogspot.com, started in 2008 by Kevin Brookman, who has always been and remains its sole owner and operator. The focus of the blog has always been municipal government in Hartford, Connecticut. Brookman writes journalistic articles that are usually deeply critical of Hartford government. Much of the information published on the blog comes from anonymous tips by government employees to Brookman directly.

The most distinctive feature of the blog is the anonymous commentary written in response to journalistic articles written by Brookman. Commenters frequently claim to be Hartford government employees, especially employees in city hall, police officers, or firefighters. The blog has been instrumental in bringing to light corruption and bad practices Hartford government, be it uncovering evidence critical to the conviction of former Mayor Eddie Perez in 2010 and again in 2017, or exposing the Hartford Police practice of the "Deadpool," where officers and detectives would bet on where the year's first murder would occur.

The blog is interested in this case because the blog faces discrimination of a similar character, as a non-traditional media outlet critical of local government. The blog's critical viewpoint and the commentary from anonymous sources has angered some. Because the blog is not a mainstream news source, the blog has not

been afforded the same protections and privileges afforded to corporate media news sources.  Accordingly, the blog is concerned about the development of the law in the present case.

WPH has only a few salient points that it believes have not been addressed by any party or amicus.  First, WPH will address the untenable double standard applied to non-traditional media as concerns actions by disturbed individuals.  Second.  WPH will briefly address the policy concern over traditional media and government aligning to budge out new media.  Third, WPH will address why reassignment is appropriate on remand under *Institute of Cetacean Research v. Sea Shepherd Conservation Society*, 725 F.3d 940 (9th Cir. 2013).

# FRAP 29(a)(4)(E) STATEMENT

This brief was authored by Mario Cerame as counsel to We the People – Hartford. Cerame is also attorney to the sole owner of We the People – Hartford, Kevin Brookman. No attorney for any party authored this brief, in whole or in part. No party or counsel for any party contributed money that was intended to fund preparing or submitting this brief. This brief was prepared pro bono and no person contributed money that was intended to fund the preparation and submission of this brief.

# ARGUMENT

## I. THE DOUBLE-STANDARD CONCERNING THREATS BY THIRD PARTIES IS UNTENABLE

A key argument by the Defendants was that the coverage by the Plaintiff created a security threat—that criticizing and identifying individuals by name foreseeably would lead to them being singled out for threats by unhinged individuals who would consume the Plaintiff's media. There is no claim that the Plaintiffs' speech rises to the level of incitement or accessory liability for a substantive crime or conspiracy or true threat or any similar such speech exception. Other briefs aptly point out the viewpoint discrimination at play, but WPH points out that how we don't hold the credentialed media to the same standard as the Plaintiff had been held to under the facts here.

When news outlets reported on the leaked opinion in *Dobbs v. Jackson Women's Health Organization*, 142 S.Ct. 2228 (2022), credentialed news outlets were not held accountable for the actions of disturbed individuals who threatened the lives of Supreme Court justices. Given the history of violence around the abortion debate in our country, such a violent reaction was readily foreseeable—especially given that the death of one Supreme Court justice would likely mean insufficient votes for a majority opinion. The publicized case of Nicholas John Roske is well known, who travelled to Washington D.C. area for this purpose. But no one would imagine Politico or CNN or NPR or any member of the credentialed

1

media being denied press privileges for reporting on the issue.

In the present case, the Plaintiff is being denied access because his reporting may upset others enough to have them make threats or act on those threats. The government *claims* a security interest. But looking at how the credentialed media is treated, the claim is baseless. What the government is really doing is precluding the non-traditional media from competing fairly against credentialed media by making the non-traditional media responsible for those who would break the law, or even those who might, maybe, possibly break the law.

## II. TRADITIONAL MEDIA AND GOVERNMENT ALIGNING TO KEEP OUT NEW MEDIA IS DANGEROUS TO LIBERAL DEMOCRACY

A liberal democratic state needs a competitive marketplace of ideas to operate. "A vigorous and dauntless press is a chief source feeding the flow of democratic expression and controversy which maintains the institutions of a free society." *Times-Picayune Publishing Co. v. United States*, 345 U.S. 594, 602 (1953). This case presents a danger to how democracy operates at the local level.

Press access is used as a reward, a treat bestowed upon the faithful. Courts don't act on that abuse—few cases are concrete enough or as egregious as this one. Because the matter is so rarely reviewable, when a suitable case like the present one emerges, the Court should be especially vigilant about checking that unconstrained discretion and ensuring constitutional limitations are respected.

What makes this case is different as a matter of policy is that here traditional

media and government media are aligned at an institutional level here. It's not just a politician keeping out one annoying would-be journalist. It's a coalition between the corporate, "credentialed" media and the government to keep out new media as an institution. This is danger of another magnitude and the Amicus prays the Court will consider the matter in such a different light.

### III. ON REMAND, THE COURT SHOULD ORDER REASSIGNMENT

In *Institute of Cetacean Research v. Sea Shepherd Conservation Society*, 725 F.3d 940 (9th Cir. 2013) this Court ordered reassignment on remand to preserve the appearance of justice. That case was also an interlocutory appeal concerning injunctive relief. In reversing the district court, the panel held, at 947–48 (citations omitted):

> Panels have broad discretion to reassign cases on remand when they feel justice or its appearance requires it. . . . The district judge has expressed strong and erroneous views on the merits of this high profile case. Without ourselves reaching any determination as to his ability to proceed impartially or impugning his integrity, to preserve the appearance of justice, we conclude reassignment is appropriate. . . . The appearance of justice would be served if the case were transferred to another district judge, drawn at random, and we so order in accordance with the standing orders of the Western District of Washington.

The present implicates the public's right to know, to how a functional liberal democracy operates by disseminating information about what the government is doing. The interest in appearance of justice, in assuring the public's confidence in the justice system is therefore especially high.

The case has drawn the attention of an array of amici from different parts of

3

the country. Accordingly, it is reasonable to conclude that this is also a high profile case, like in *Sea Shepherd*.

The Court in this case has expressed strong and erroneous views on the merits. As the Plaintiff and the other amici more aptly point out the deficiencies in the trial Court opinion, but of particular importance is the Court's failure to appreciate the vagueness issue on pages 8–9 of its opinion. Vagueness issues are especially sharp in the context of informal prior restraint and free speech in general. The Court here essentially reaches the merits on the vagueness issue on page 9 at ll. 16–22.

Similarly, the trial Court's analysis of the viewpoint discrimination issue on pages 11–15 is thorough and strongly expressed. The opinion doesn't just analyze *likelihood* of success—it de facto rules against the Plaintiff. Inasmuch as this Court is persuaded by the briefs of the Plaintiff and amici, the Court should protect the public's faith in the judicial process as it did in *Sea Shepherd* and order in the interest of the appearance of justice that on remand the case be reassigned.

## **CONCLUSION**

For these reasons and the reasons stated in the briefs of the Plaintiffs and the other amici, the judgment of the trial court should be reversed. On remand, the Court should order the case be reassigned in the interest of the appearance of justice.

December 16, 2022                    Respectfully submitted,


                                            /s/ *Mario Cerame*

                                            Mario Cerame
                                            Brignole, Bush and Lewis LLC
                                            73 Wadsworth Street
                                            Hartford, Connecticut 06106
                                            W: 860.856.8361
                                            C: 607.351.3820
                                            F: 860.527.5929
                                            mario@brignole.com

                                            Attorneys for Amicus Curiae
                                            We the People – Hartford

# CERTIFICATE OF COMPLIANCE

I certify that to the best of my knowledge and ability that this motion complies with the requirements of Federal Rules of Appellate Procedure 27(d)(2) and 32(c) because it uses a proportionately spaced Times New Roman font, has a typeface of 14 points, and contains 1003 words.


December 16, 2022 /s/ *Mario Cerame*
Mario Cerame

## CERTIFICATE OF SERVICE

I certify that on December 16, 2022, I electronically filed the foregoing document with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all other participants in this case are registered CM/ECF users and that service will be effected by the appellate CM/ECF system.

December 16, 2022 /s/ *Mario Cerame*
Mario Cerame